UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEXTER CARL JONES,

        Petitioner,          Case No. 1:21-cv-12414

v.          Honorable Thomas L. Ludington
        United States District Judge

BECKY CARL,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Dexter Carl Jones filed this habeas case under 28 U.S.C. § 2254. He is serving a life sentence after a Wayne County jury convicted him of first-degree murder, MICH. COMP. LAWS § 750.316, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413, assault with a dangerous weapon, MICH. COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.

Petitioner raises two claims in his habeas petition: (1) the trial court did not have jurisdiction because the prosecutor did not sign the criminal information, and (2) Petitioner's trial counsel was ineffective for not objecting to the defective criminal information, not subpoenaing phone records, not investigating a blood stain found on Petitioner's shirt, and not investigating bullets recovered from the incident.

Before this Court is Respondent's Motion to Dismiss, arguing that Petitioner did not exhaust his state-court remedies. As explained hereafter, the Motion will be granted, and the Petition will be dismissed without prejudice.

I.

Petitioner's convictions stem from his 2018 shooting murder of Ronnie Lott, assault of Shelby Knowles, and unlawful driving of Lott's car. The three men had known each other for about 25 years and were seated in Knowles's car, which was parked on the street outside Petitioner's house. *See People v. Jones*, No. 351633, 2022 WL 259359, at *1 (Mich. Ct. App. Jan. 27, 2022) (unpublished) (per curiam). According to Knowles, Petitioner had fallen asleep in Lott's car and became angry when Knowles woke him up and told him to move. *Id.* Petitioner then shot at but missed Knowles, who escaped the scene on foot and called 9-1-1. *Id.* Petitioner walked around the car and shot Lott three times to death. *Id.* One of Petitioner's neighbors testified at trial that he saw the incident from his porch. *Id.*

After the shooting, Petitioner drove Lott's car and body to another location then walked back home. *Id.* Petitioner was arrested after returning to the scene (i.e., his house) with the murder weapon—a 9mm handgun registered in his name. *Id.* Lott's blood was on Petitioner's shirt. *Id.* at *2. The police found a bullet casing matching Petitioner's gun in the street. *See* ECF No. 8-2 at PageID.122.

Petitioner testified in his own defense. *Jones*, 2022 WL 259359, at *2. He explained that he was intoxicated at the time of the incident and that, though he remembered arming himself and interacting with Lott and Knowles outside of his house, he did not remember firing his handgun. *Id.* at *1. He testified that he had no reason to shoot at his friends. The jury found Petitioner guilty as charged. *See id.*

Following his conviction, Petitioner filed a motion for an acquittal, asserting that the criminal information was invalid because the prosecutor did not sign it. *Id.* at *2. Petitioner also asserted that his trial counsel was ineffective for failing to contest the validity of the criminal information. *Id.* The trial court denied the motion. *Id.*; ECF No. 8-16 at PageID.1148–53.

Petitioner then pursued a direct appeal in the Michigan Court of Appeals, raising the following three claims through counsel:

> I. Court rules and statutes require a prosecutor to sign the Information and file it with the circuit court after the preliminary examination and on or before the Arraignment on the Information. When the prosecutor failed to file with the circuit court a signed Information after the preliminary examination and on or before the Arraignment on the Information, the cause against Mr. Jones should be dismissed on jurisdictional grounds.
>
> II. The state and federal constitutions guarantee a criminal defendant the right to the effective assistance of counsel. Mr. Jones should be granted an evidentiary hearing and/or a new trial on the issue of ineffective assistance of counsel.
>
> III. Michigan allows insanity to negate the element of premeditation or intent to kill and reduce the degree of the offense. The trial court deprived Mr. Jones of his constitutional right to present a defense when it refused to allow in instruction on insanity.

ECF No. 8-16 at PageID.1158.

With respect to Petitioner's second claim, on appeal he only argued that trial counsel was ineffective for failing to raise the jurisdictional argument raised in the first claim. *Id.* at PageID.1158. Nowhere in his appellate papers did Petitioner assert that his trial counsel was ineffective for failing to subpoena and to investigate cellphone records, failing to investigate the blood on Petitioner's shirt, or failing to investigate the recovered bullets.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *See generally People v. Jones*, No. 351633, 2022 WL 259359 (Mich. Ct. App. Jan. 27, 2022) (per curiam) (unpublished).

Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. ECF No. 8-17. His time to do so, thus, ended in March 2022. *See* Mich. Ct. R. 7.204(A)(2).

## II.

Although Respondent styles the Motion as a motion to dismiss, it is properly construed as a motion for summary judgment, as the Motion and the record before this Court include documents outside the pleadings. *See Anderson v. Place*, 2017 WL 1549763, *6 (E.D. Mich. May 1, 2017).

### A.

A motion for summary judgment should be granted if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A motion for summary judgment should be granted if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the initial burden of "identifying those portions of [the record that] it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The nonmovant must show more than "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the "mere existence of a scintilla of evidence" in support of the nonmovant does not establish a genuine issue of material fact. *Liberty Lobby*, 477 U.S. at 252.

The court must review the evidence and draw all reasonable inferences in favor of the nonmovant to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52; *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

Summary judgment will be granted if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. But summary judgment will be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).

This standard of review applies to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

**B.**

Respondent argues that the Petition should be dismissed because Petitioner did not pursue his direct appeal to the Michigan Supreme Court and, therefore, he did not exhaust his claims. ECF No. 7 at PageID.70–71. Petitioner responds that his appellate counsel abandoned him. *See* ECF No. 9 at PageID.1247.

A federal court may not grant habeas relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). The petitioner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*,

581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Contrary to Respondent's argument, Petitioner has exhausted his claims that the trial court lacked jurisdiction and that his trial counsel was ineffective for failing to raise the jurisdictional claim in the trial court. Exhaustion is only required if there is an available state-court procedure for Petitioner to present his unexhausted claims to the state courts. *See* 28 U.S.C. §§ 2254(b)(1)(B)(i), (c). If, like here, a habeas petitioner "fails to present his claims to the [state's highest court] and . . . is barred from pursuing relief there, [then] his petition should not be dismissed for lack of exhaustion." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). In such a case, "there are simply no remedies available for him to exhaust." *Id.*

Yet, with respect to these two claims, Petitioner may no longer appeal the Michigan Court of Appeals's decision, as his time to do so has passed. *See* Mich. Ct. R. 7.204(A)(2) (setting a 42-day time limit). Nor may Petitioner re-raise those two claims in a motion for relief from judgment, as Michigan Court Rule 6.508(d)(2) forecloses him from raising grounds for relief in a post-conviction review proceeding that were already raised on direct appeal. Mich. Ct. R. 6.508(d)(2).

These two claims are not only unexhausted but also procedurally defaulted. Petitioner no longer has a procedure by which to present those two claims to all levels of state review. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). The case is, therefore, not subject to dismissal on the grounds that Respondent asserted with respect to these two claims.

Yet Respondent's Motion has merit because Petitioner never raised his three other allegations of ineffective assistance of trial counsel in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (holding that habeas claims must be presented to state courts on

the same factual and legal basis to satisfy the exhaustion requirement). If, like here, a habeas petition contains both exhausted and unexhausted claims, then it is a "mixed petition" still subject to dismissal on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The Michigan Court Rules provide a process through which Petitioner may raise these completely unexhausted claims in state court. He may file a motion for relief from judgment in the trial court under Michigan Court Rule 6.500 *et seq.* He may then appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To be sure, to obtain relief, Petitioner must show good cause for not raising his unexhausted claims on direct review as well as some resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3).

Petitioner's response that his appellate counsel is at fault for not exhausting his claims is premature. An ineffective-assistance-of-appellate-counsel argument will not excuse a failure to exhaust if a state court remedy still exists. Rather, such an argument merely goes to the merits of his claims under Rule 6.508(D)(3). *See Ivory v. Jackson*, 509 F.3d 284, 294 (6th Cir. 2007).

Notably, there is a one-year statute of limitations on federal habeas petitions. 28 U.S.C. § 2244(d)(1). In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what a court should do if the dismissal of a habeas petition for failure to exhaust might jeopardize the timeliness of a later petition. The *Palmer* panel concluded that, in such circumstances, a stay is appropriate if less than 60 days remain to file. *See id*. at 783; *see also Rhines v. Weber*, 544 U.S. 269, 269, 277 (2007). As Petitioner commenced the instant action with approximately 11 months remaining on the limitations period, and because the period will be tolled while he pursues state collateral review, *see* 28 U.S.C. § 2244(d)(2), the statute of limitations does not pose a serious barrier that will prevent Petitioner from timely pursuing federal habeas relief after exhausting his

state-court remedies. The appropriate remedy, therefore, is dismissal of the Petition without prejudice, allowing Petitioner the opportunity to file a new federal habeas petition after he exhausts his new claims in the state courts. *Rhines*, 544 U.S. at 274 (citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)).

## C.

In order to appeal this Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Although a federal district court may grant or deny a certificate of appealability if it issues a ruling on the habeas petition, *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002), it "*must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant," Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254 (emphasis added).

The court should issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). The substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the merits of the constitutional claim debatable or incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). In applying that standard, a district court may not conduct a full merits review and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El*, 537 U.S. at 323.

Reasonable jurists would not debate this Court's conclusion that the Petition is subject to dismissal for Petitioner's failure to exhaust his state-court remedies. Therefore, Petitioner will be

denied a certificate of appealability. And, as any appeal would be frivolous, Petitioner may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

### III.

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 7, is **GRANTED**.

Further, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Petitioner is **DENIED** a certificate of appealability.

Further, it is **ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

Dated: June 2, 2022                              s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge